## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| REBECCA VLASEK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-0386 |
| | § | |
| WAL-MART STORES, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO FILE HER
## MOTION FOR LEAVE TO AMEND OUT OF TIME BUT DENYING
## LEAVE TO FILE THE PROPOSED AMENDMENTS AS FUTILE

In this employment dispute, the plaintiff, Rebecca Vlasek, filed her complaint on January 29, 2007. The defendants, Wal-Mart Stores, Inc. and Sam's East, Inc., answered on February 15, 2007. On April 5, 2007, Vlasek amended her complaint, without seeking leave of court. This court granted the motion to strike but allowed Vlasek to file a motion for leave to amend by June 1, 2007. On July 16, 2007, Vlasek filed a motion to extend the time to file a motion for leave to amend or to file the motion out of time. The amended complaint she filed in April 2007 added a claim of sex discrimination; the proposed amended complaint filed in July 2007 added other claims as well.

The defendants oppose the motion for leave to amend as futile because the new claims asserted in the proposed amended complaint either exceed the scope of the EEOC charge or state claims on which relief cannot be granted. The defendants also oppose the motion for leave to file the motion as untimely filed and dilatory because the proposed amendment was

not sought until 45 days after this court's deadline.  Based on a review of the pleadings, the

motion, the response, and the applicable law, this court grants the motion to file the motion

for leave to amend late but denies leave to file the proposed amended complaint.  The reasons

are explained below.

## I.      Background

On November 3, 2006, Vlasek filed an EEOC Charge of Discrimination.  She checked

the box identifying "disability" as the basis of the alleged discrimination, but she did not

check the box identifying "sex" as the basis of the discrimination.  She identified June 19,

2006 as the date on which the discrimination occurred.  She described the discriminatory act

as her termination from her position as a manager at a Sam's Club store.  She explained:

> I WAS TERMINATED AS A MANAGER AT MY SAM'S
> CLUB (WAL-MART) STORE. THE STATED REASON FOR
> MY TERMINATION WAS THE FACT THAT I AM LISTED
> ON/AS A REGISTERED SEX OFFENDER.  THIS FACT
> WAS KNOWN AND ADDRESSED BY MY EMPLOYER
> OVER SEVEN YEARS AGO WHEN I WAS FIRST HIRED;
> AS WELL AS APPROXIMATELY THREE YEARS AGO
> WHEN THE SUBJECT AGAIN SURFACED
> MYSTERIOUSLY.  ON EACH PREVIOUS OCCASION, I
> ANSWERED ALL INQUIRIES FORTHRIGHTLY AND
> HONESTLY— AND WAS LED TO BELIEVE THAT THE
> ISSUE WAS CLOSED.  THE MATTER RE-OPENED IN
> JUNE 2006 AND I WAS TERMINATED.
>
> I  BELIEVE THE ADVERSE ACTION WAS BASED ON A
> DISABILITY.  THAT IS, MY STATUS AS A REGISTERED
> SEX OFFENDER (FOR A 10-YEAR PERIOD WHICH ENDS
> IN A COUPLE OF YEARS) IS A "CONDITION " OVER
> WHICH I HAVE NO CONTROL—THE STATUS REMAINS
> IN EFFECT FOR THE DURATION OF THE 10-YEAR
> PERIOD.  AFTER THAT TIME THE "DISABILITY" WILL

BE REMOVED.   I BELIEVE THAT MY SITUATION
TRACKS AND FALLS UNDER THE STATUTORY
DEFINITION OF "DISABILITY" AS SET OUT IN THE ADA.

Vlasek filed this suit in January 2007, alleging wrongful termination, disability discrimination, a violation of the Fair Credit Reporting Act, and laches, waiver, and estoppel. In her proposed amended complaint, she seeks to add claims for sex discrimination, failure to accommodate her alleged disability, promissory estoppel, and breach of an implied contract.   Each proposed added claim is analyzed below.

## II.     The Applicable Legal Standard

Rule 15(a) states that a party may amend the party's pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served.   After a responsive pleading is served, a party may amend only by "leave of court or by written consent of the adverse party."   *Id*.   Although leave to amend pleadings "shall be freely given when justice requires,"   FED. R. CIV. P. 15(a), leave to amend "is not automatic."   *Matagorda Ventures Inc. v. Travelers Lloyds Inc. Co.*, 203 F.Supp.2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).   A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "whether there has been 'undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of amendment.'"   *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996)).

3

Denial  of leave to amend on the basis of futility is "premised . . . on the court's evaluation of the amendment as insufficient to state a claim . . . ." *Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985).  A denial on this basis "tends to blur the distinction between analysis of the procedural context under Rule 15(a) and analysis of the sufficiency of the complaint under Rule 12(b)(6)." *Id.* at 1208-09 (citing *Pan-Islamic Trade Corp. v. Exxon*, 632 F.2d 539, 546 (5th Cir. 1980)).  Opinions frequently explicitly equate the futility analysis under Rule 15(a) with the legal sufficiency standard of Rule 12(b)(6).  *See Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996) ("In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion."); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997); *General Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1085 (7th Cir. 1997).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).  The Supreme Court recently clarified the standards that apply in a motion to dismiss for failure to state a claim.  In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), the Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A court may dismiss a complaint for failure to state a claim if the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).  Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party,

a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.

When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Great Plains Trust Co.*, 313 F.3d at 329; *Jacquez v. R.K. Procunier*, 801 F.2d 789, 792 (5th Cir. 1996).

## III.   Analysis

### A.   The Proposed Claims of Sex Discrimination and Failure to Accommodate

Complaints stemming from EEOC charges "may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1992) (quoting

*Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir. 1983)); *see Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970) (establishing this standard); *see also Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 711 (5th Cir. 1994) (citing *Sanchez* with approval); *Haynes v. BlueCross and BlueShield of Texas, Inc.*, 2000 WL 140744, *6 (N.D. Tex.) ("*Sanchez* is clearly the law of the [Fifth] [C]ircuit on this issue.").  "[T]his rule protects unlettered lay persons making complaints without legal training or the assistance of counsel."  *Fine*, 995 F.2d at 578.  Courts must interpret the scope of an EEOC complaint broadly and not permit procedural technicalities to obstruct complainants.  *Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1280 n.7 (5th Cir. 1994) (citing *Fellows*, 701 F.2d at 452); *Sanchez*, 431 F.2d at 465; *see Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir. 1982) ("[W]e construe employment discrimination charges with the utmost liberality . . . .") (internal quotations omitted).

The Fifth Circuit has rejected the argument that a party's failure to check a certain box on an EEOC charge form automatically precludes assertion of that basis for discrimination in a subsequent Title VII lawsuit.  *See Hornsby v. Conoco, Inc.*, 777 F.2d 243, 247 (5th Cir. 1985) (construing an original EEOC complaint to allege both age and sex discrimination even though the plaintiff failed to mark the box on the charge form indicating discrimination on the basis of sex); *Sanchez*, 431 F.2d at 462–63 (noting several reasons why a charging party might fail to check the correct box and declaring it "inconceivable that a charging party's rights should be cut off merely because he fails to articulate correctly the legal conclusion emanating from his factual allegations").  Instead, "the crucial element of a

6

charge of discrimination is the factual statement contained therein." *Manning v. Chevron Chem. Co., L.L.C.*, 332 F.3d 874, 879 (5th Cir. 2003) (quoting *Sanchez*, 431 F.2d at 462); *Harris v. Parker Coll. of Chiropractic*, 286 F.3d 790, 795 (5th Cir. 2002).  The court's determination of the lawsuit's proper scope is driven by the competing policies of promoting the "voluntary settlement of all issues without an action in the District Court," *Sanchez*, 431 F.2d at 461, and expanding the scope of the lawsuit to recognize "the remedial and humanitarian underpinnings of Title VII," *id*. at 467.

Vlasek identified the defendants' decision to terminate her employment because she was a registered sex offender as the only basis for her discrimination claim.  Vlasek asserted that this decision was discrimination on the basis of a disability.  Vlasek equated her  status as a registered sex offender to a disability under the ADA, asserting that being a registered sex offender for ten years was a "'condition' over which I have no control."  (Docket Entry No. 13-2, EEOC Charge).

In her proposed amended complaint, Vlasek added a claim that she was subject to sex discrimination because she has learned (not through discovery, which she has not engaged in) that the defendants treated male registered-sex-offender employees differently than female registered sex offender employees.  Specifically, Vlasek proposed to allege that the defendants failed to terminate the employment of all male registered sex offenders, but did terminate her employment.

Vlasek did not make any reference to sex discrimination on her EEOC charge.  Vlasek's claim of disability discrimination based on defendants' decision to fire her because

she was a registered sex offender would not reasonably lead the EEOC to investigate a claim of sex discrimination based on an allegation that the defendants did not fire all similarly situated male registered-sex-offender employees. Vlasek's sex-discrimination claim is not similar or related to the initial EEOC charge's allegations. The EEOC's investigation could not reasonably have been expected to encompass the additional theory of liability Vlasek now wants to assert. *See Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir.1995) (overruled in part on other grounds by *Burlington N. and Santa Fe Ry. Co.*, 126 S.Ct. 2405, 2410 (2006)) (observing that "[t]he filing of an administrative complaint is ordinarily a jurisdictional prerequisite to a Title VII action" but noting the litigant may raise claims in his federal complaint based on any kind of discrimination like or related to the charges in his initial EEOC charge); *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 913 (5th Cir.2000) ("A Title VII hostile work environment claim may be based on claims that 'could reasonably be expected to grow out of the initial charges of discrimination.'"); *Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1280 (5th Cir.1994) (explaining that the applicable standard "is not [the] scope of actual investigation but what we reasonably would expect the EEOC to investigate.") (citing *Young v. City of Houston*, 906 F.2d 177 (5th Cir. 1990)); *Sanchez*, 431 F.2d at 466 ("[T]he 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.").

When courts conclude that a claim raised in litigation is not sufficiently related to the claims filed with the EEOC, the litigation claim must be dismissed. *See, e.g., Abbate v.*

*Cendant Mobility Servs. Corp.*, No. 3-03-cv-1858(DJS), 2007 WL 2021868, at *12–13 (D.Conn. July 13, 2007) (dismissing failure-to-rehire claim because it was not reasonably related to the disability and age discrimination claims alleged in the plaintiff's EEOC charge); *Padilla v. Bechtel Const. Co.*, No. CV 06 286 PHX LOA, 2007 WL 1219737, at *7 (D.Ariz. Apr. 25, 2007) (dismissing retaliation claim because it was not reasonably related to the plaintiff's EEOC charge, "such that any EEOC investigation on [the initial claim] would not have encompassed the [retaliation] claim"); *Peltier v. Apple Health Care, Inc*., 130 F.Supp.2d 285 (D. Conn. 2000) (dismissing ADA claim because it was not sufficiently related to the ADEA claim filed with the EEOC). Vlasek's proposed amendment to add a claim of sex discrimination is futile because it is beyond the scope of the EEOC charge. The motion for leave to amend to add this claim is denied.

Vlasek also seeks to add a claim that the defendants violated the ADA because they failed to accommodate her disability. The case law makes it clear that such a claim would be futile. Vlasek alleged in her EEOC charge and in this lawsuit that the only discriminatory event was her job termination. It is generally accepted that a failure to accommodate is not like or reasonably related to an allegation of termination. *See Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 631 (8th Cir. 2000) (stating that an allegation of discipline is not like or related to an allegation of termination); *Weigel v. Target Stores*, 122 F.3d 461, 464 (7th Cir.1997) (finding that a complaint of failure to accommodate and termination are separate things not like or reasonably related); *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853–54 (6th Cir.2000) (holding that a termination claim is far different from a failure to accommodate claim). An

9

allegation of job termination, when that is the only incident alleged as the basis of the complaint, is not reasonably likely to trigger an investigation into failure to accommodate. *See Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (holding that "a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA" and pointing out that a failure to accommodate claim and a claim of discriminatory treatment under the ADA are not like or reasonably related to one another, and one cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability).

The proposed amendment to state a claim of failure to accommodate under the ADA is futile. The motion for leave to amend to add this claim is denied.

### B.      The Proposed Claim for Breach of an Implied Contract

Vlasek proposes to add a claim for breach of an implied contract. She alleges that when she was hired, the defendants knew that she was a registered sex offender, creating an implied contract not to terminate her employment based on that fact. The defendants argue that the proposed claim for breach of an implied contract is futile under Texas law.

Texas is an employment-at-will state. Texas's employment-at-will doctrine provides that employment for an indefinite time period may be terminated without cause by either party. *See, e.g., Reed v. Hernandez*, 114 Fed. Appx. 609 (5th Cir. 2004). The presumption of at-will employment may be rebutted by a showing of an agreement that directly limits the employer's right to terminate at will. *Federal Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex. 1993). An oral agreement may modify the at-will relationship, but the statute

of frauds precludes enforcement if the contract is not necessarily performed within one year. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex. 1991).

There is no allegation of any facts in the proposed amended complaint that could plausibly rebut the presumption of at-will employment and create an implied contract not to terminate Vlasek's employment based on her status as a registered sex offender. There is no allegation of any written agreement not to hire Vlasek on that basis. An oral agreement would be unenforceable under the statute of frauds. Because the proposed amendment would be futile, *see Twombly*, 127 S. Ct. at 1974, the motion for leave to amend to add claims for breach of an implied contract is denied.

### C.    The Proposed Claim for Promissory Estoppel

The doctrine of promissory estoppel is an equitable doctrine adopted by Texas courts. *Fretz Constr. Co. v. S. Nat'l Bank of Houston*, 626 S.W.2d 478, 480 (Tex.1982). A plaintiff must show: (1) that the defendant made a promise; (2) it was reasonably foreseeable to the defendant that the plaintiff would rely on the promise; and (3) that the plaintiff relied on the promise, to her detriment. *See Vida v. El Paso Employees' Fed. Credit Union*, 885 S.W.2d 177, 181–82 (Tex. App.-El Paso 1994, no writ) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex.1983)). The doctrine may be applied where the promisor should reasonably expect the promise to induce the promisee into definite and substantial action or forbearance. *See Trammel Crow Co. No. 60 v. Harkinson*, 944 S.W.2d 631, 636 (Tex.1997). The reliance must be both reasonable and justified. *See Frost Crushed Stone Co. v. Odell Geer Constr.*

*Co.*, 110 S.W.3d 41, 45 (Tex. App.-Waco 2002, no pet.); *Gilmartin v. Corpus Christi Broad. Co.*, 985 S.W.2d 553, 558 (Tex.App.-San Antonio 1998, no pet.).

Texas has a long-standing rule that at-will employment cannot support a claim for detrimental reliance for future conduct. *See Collins v. Allied Pharmacy Mgmt.*, 871 S.W.2d 929, 937 (Tex.App.-Houston [14th Dist.] 1994, no writ). Exceptions have been carved out to permit recovery in the context of at-will employment. *See Winters v. Houston Chron. Pub. Co.*, 795 S.W.2d 723, 724 (Tex.1990) (recognizing "narrow" exceptions, specifically two judicially-created ones: when the employee refuses to perform an illegal act; and when the employer seeks to avoid making contributions to a pension fund); *Vida,* 885 S.W.2d at 182 (analyzing the exceptions specifically and expressly made in employee handbooks). One Texas appellate court permitted recovery for out-of-pocket expenses in an at-will employment relationship based on expected employment. *Roberts v. Geosource Drilling Servs., Inc.*, 757 S.W.2d 48, 50 (Tex.App.-Houston [1st Dist.] 1988, no writ). In contrast, a second Texas appellate court held that any reliance for at-will employment is unreasonable as a matter of law. *Collins*, 871 S.W.2d at 937.

In *Roberts v. Geosource Drilling Services, Inc.*, the employer, Geosource, promised Roberts employment, inducing him to quit his former job. 757 S.W.2d at 49. The Texas court held that Roberts could maintain a promissory estoppel claim even through Roberts and Geosource had expressly contracted that the prospective employment would be at-will. *Id.* at 50. The court stated that employment-at-will status did not preclude the claim when "the employer foreseeably and intentionally induces the prospective employee to materially

12

change his position to his expense and detriment, and then repudiates its obligations before the written contract begins to operate." *Id*. In the present case, even applying the *Roberts* case, Vlasek's proposed promissory estoppel claim would fail as a matter of law. The allegations in the complaint show that Vlasek was hired and worked for the defendants from 1999 to 2006. (Her sex offender status began in 1998.) Vlasek was hired by the defendants and worked for them for over seven years, rising to the position of manager. Even under the *Roberts* approach, there could be no detrimental reliance in this case as a matter of law. *See English*, 660 S.W.2d at 524; *Roberts,* 757 S.W.2d at 50–51. The motion for leave to amend to assert a promissory estoppel claim is denied on the basis that the proposed amendment would be futile.

## IV.    Conclusion

In her motion to enlarge time or for leave to file her amended complaint out of time, Vlasek's counsel explained why the proposed amended complaint was not filed until July rather than by the June deadline set by this court. The decision to deny the motion for leave to amend is not based on this delay in filing; the motion to file the motion for leave to amend is granted. However, the pleadings and the applicable law demonstrate that the proposed amendments would be futile. The motion for leave to file the amended complaint is denied.

SIGNED on August 20, 2007, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge