**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| REBECCA VLASEK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0386 |
| | § | |
| WAL-MART STORES, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING MOTION TO RECONSIDER
AND MOTION FOR LEAVE TO AMEND**

In this employment case, Rebecca Vlasek seeks damages from her former employer, Wal-Mart Stores, for firing her in 2006 because she was a registered sex offender. In a Memorandum and Opinion issued on August 20, 2007, this court denied as futile Vlasek's motion for leave to amend her complaint to assert causes of action for failure to accommodate her alleged disability, sex discrimination, breach of implied contract, and promissory estoppel. (Docket Entry No. 15). In this motion for reconsideration, Vlasek asks this court to reverse the refusal to allow her to allege the claims for breach of implied contract and promissory estoppel. (Docket Entry No. 16). Vlasek also moves for leave to file an amended complaint to add claims for sex discrimination, promissory estoppel, breach of good faith and fair dealing in employment, a "facial" challenge to the Wal-Mart policy on employing sex offenders, and an "as applied" challenge to the policy and procedures used in firing Vlasek. (Docket Entry No. 26). Vlasek also seeks to "articulate in a more precise

manner the basic factual contentions of her complaint." (*Id*. at 2). Wal-Mart opposed both motions and moved for sanctions for Vlasek's repeated attempt to assert causes of action this court previously disallowed. (Docket Entry No. 20, 28).

## I.     The Motion for Reconsideration

### A.     The Legal Standard

The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration. *See Sierra Club v. Tri-State Generation and Transmission Ass'n,* 173 F.R.D. 275, 287 (D. Col.1997); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.,* 123 F.3d 336, 339 (5th Cir.1997). The court retains the power, however, to revise any interlocutory order at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Fed. R. Civ. P. 54(b). A motion seeking the reconsideration of a judgment or order is generally considered a motion to alter or amend a judgment under Rule 59(e) if it seeks to change the order or judgment issued. *Standard Quimica De Venezuela v. Cent. Hispano Int'l, Inc.,* 189 F.R.D. 202, 204 (D.P.R. 1999). Rule 59(e)'s legal standards are applied to motions for reconsideration of interlocutory orders. *See Atlantic States Legal Foundation v. Karg Bros.,* 841 F. Supp. 51, 55 (N.D.N.Y. 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment). In addition, though the general rule is that motions for reconsideration will not be considered when filed more than ten days after the judgment at issue is entered, this deadline does not apply to the reconsideration of interlocutory orders. *Standard Quimica De Venezuela,* 189 F.R.D. at 205. Motions to reconsider interlocutory

orders are left to the court's discretion so long as not filed unreasonably late. *Standard Quimica De Venezuela,* 189 F.R.D. at 205; *Martinez v. Bohls Equipment Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, *1 (W.D. Tex. July 18, 2005).

"The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment [or order]." 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 127–28 (2d ed.1995) (footnotes omitted).

### B.     Analysis

Vlasek's motion for reconsideration asserts that this court was either incorrect or unpersuasive in its previous rulings. Considering the grounds for Vlasek's motion leads to the conclusion that none of the arguments warrants the relief she seeks.

Vlasek points out that, contrary to the court's description of her implied contract claim, she is not asserting that an implied contract arose when she was hired in 1999. Rather, she is asserting that twice in 2003, Wal-Mart was informed that she was listed on a sex offender registry yet declined to fire her on that basis. Vlasek argues that despite learning this information in 2003, Wal-Mart retained her as an employee and told her "not to worry, just do your job." In 2004, Wal-Mart adopted the "no-tolerance" policy for sex offenders, but still did not fire her. Vlasek clarifies that her argument is that in 2003 and 2004, Wal-Mart created an implied contract not to terminate her based on the fact that she was a registered sex offender.

This clarification of Vlasek's theory of recovery does not alter the basis for finding it futile and refusing her leave to amend to assert it. In Texas, absent a specific contract to the contrary, employment may be terminated at will and without cause. *See Montgomery County Hosp. Dist. v. Brown,* 965 S.W.2d 501, 502 (Tex. 1998); *Schroeder v. Tex. Iron Works, Inc.,* 813 S.W.2d 483, 489 (Tex. 1991). To avoid the employment-at-will doctrine, an employee has the burden of proving that she and her employer had a contract that "directly limit[ed] in a 'meaningful and special way' the employer's right to terminate the employee without cause." *Massey v. Houston Baptist Univ.,* 902 S.W.2d 81, 83 (Tex. App.–Houston [1st Dist.] 1995, writ denied) (quoting *Lee-Wright, Inc. v. Hall,* 840 S.W.2d 572, 577 (Tex. App.–Houston [1st Dist.] 1992, no writ)). In the contract, the employer "must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances." *Brown,* 965 S.W.2d at 502. Such an intent is not manifested by general comments or statements that an employee will not be terminated as long as her work is satisfactory or that she will be discharged only for "good reason" or "good cause" unless there is an agreement between the employer and employee on what those terms encompass. *Brown,* 965 S.W.2d at 502. To be enforceable, an agreement to modify the employment-at-will relationship must be (1) expressed rather than implied and (2) clear and specific. *See Brown,* 965 S.W.2d at 502; *Kooken v. Leather Center, Inc.*, No. 05-97-01202-CV, 2000 WL 381926, at *5 (Tex. App.–Dallas Apr. 3, 2000); *Miksch v. Exxon Corp.*, 979 S.W.2d 700, 703 (Tex. App.–Houston [14th Dist.] 1998, pet. denied); *Byars v. City of Austin,* 910 S.W.2d 520, 523 (Tex. App.–Austin 1995, writ denied).

The facts Vlasek identifies could not plausibly rebut the at-will employment relationship or give rise to an enforceable implied contract not to terminate her employment at any time because of her registered sex offender status. It is not explicit, only implicit. It is neither clear nor specific. In addition, such an implied contract would be unenforceable under the statute of frauds. *Schroeder*, 813 S.W.2d at 489.

Vlasek also seeks reconsideration of this court's ruling that she could not recover on, and therefore could not amend to assert, a promissory estoppel claim. The elements of a promissory estoppel claim are (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to her detriment. *English v. Fischer,* 660 S.W.2d 521, 524 (Tex. 1983).[1]  The case law is clear that a promise to provide

---

[1] In *Roberts v. Geosource Drilling Services, Inc.,* 757 S.W.2d 48, 49 (Tex. App.–Houston [1st Dist.] 1988, no writ), a Texas court held that a prospective employee, who was promised employment and in reliance on that promise quit his job, could maintain a promissory estoppel claim even through the prospective employment was to be at will. *Id.* at 50. The court stated, "[i]t is no answer that the parties' written contract was for an employment-at-will, where the employer foreseeably and intentionally induces the prospective employee to materially change his position to his expense and detriment, and then repudiates its obligations before the written contract begins to operate." *Id.* Vlasek cannot benefit from this case because she does not allege or provide evidence that she left a former job in reliance on Wal-Mart's promise of indefinite employment. To the contrary, she has clarified that the implied contract she asserts not to fire her because of her status as a registered sex offender did not come into existence until after she had worked at Wal-Mart for years. Courts have also widely criticized and declined to follow the *Roberts* opinion, noting that it "abrogates the employment at will doctrine in all cases where the employee must quit an existing job to accept a new offer of employment," and because it would be "illogical to hold that an employee has no remedy if he is fired one week after commencing work, but may recover damages if the employer refuses to allow him to commence work at all." *Collins v. Allied Pharmacy Mgmt.*, 871 S.W.2d 929, 937 (Tex. App.– Houston [14th Dist.] 1994, no writ); *see also Hinds v. Orix Capital Markets, L.L.C.*, No. Civ.A. 302CV0239-P, 2003 WL 22132791, *6 –7 (N.D. Tex. Sept. 11, 2003) (following *Collins*); *Raggio v. Parkland Mem'l Hosp.*, No. 3-95-CV-0680-R, 1997 WL 135662, at *9 (N.D. Tex. Mar. 12, 1997) (following *Collins*); *Kooken v. Leather Center, Inc.*, No. 05-97-01202-CV, 2000 WL 381926, at *6 (Tex. App.–Dallas Apr. 3, 2000) (following *Collins*); *Gilmartin v. Corpus Christi Broad. Co.,* 985 S.W.2d 553, 558 (Tex. App.–San Antonio 1998, no writ) (following *Collins*); *Robert J. Patterson, P.C. v. Leal,* 942 S.W.2d 692, 694 (Tex. App.–Corpus Christi 1997, writ denied) (declining to follow *Roberts* because it involved an employment agreement memorialized by a written contract and noting that *Roberts* had in any event not been tested on appeal and had been criticized as wrongly decided); Robert J. Connor, Comment, *A Study of the Interplay Between Promissory*

employment-at-will does not provide a basis for detrimental reliance on continued employment, as a matter of law. *See Collins v. Allied Pharmacy Mgmt.*, 871 S.W.2d 929, 937 (Tex. App.– Houston [14th Dist.] 1994, no writ).

The promise of at-will employment provides no guarantees as to the employer's future conduct and does not provide a reasonable basis for reliance, as a matter of law. *Collins,* 871 S.W.2d at 937–38; *see also Hinds v. Orix Capital Markets, L.L.C.*, No. Civ.A. 302CV0239-P, 2003 WL 22132791, *6 –7 (N.D. Tex. Sept. 11, 2003); *Raggio v. Parkland Mem'l Hosp.*, No. 3-95-CV-0680-R, 1997 WL 135662, at *9 (N.D. Tex. Mar. 12, 1997). The at-will employment doctrine is a long-standing part of Texas jurisprudence. *See Tex. Farm Bureau Mut. Ins. Cos. v. Sears,* 84 S.W.3d 604, 608 (Tex. 2002). The Texas Supreme Court has specifically stated that it is "reluctant to impose new common-law duties that would alter or conflict with the at-will relationship." *Sears,* 84 S.W.3d at 608; *see also Sabine Pilot Serv., Inc. v. Hauck,* 687 S.W.2d 733, 735 (Tex. 1985) (recognizing a narrow exception for at-will employees discharged solely because they refused to act illegally). Given the strength and importance of this doctrine, courts have declined to dilute it by allowing a promissory estoppel claim based on reliance of a promise of at-will employment. No exception to the at-will employment doctrine allowing reliance damages based on the promise of at-will employment has been adopted by either the Texas Supreme Court or the legislature.

---

*Estoppel and At-Will Employment in Texas,* 53 SMU L. Rev. 579 (2000) (noting the split between *Roberts* and *Collins,* and arguing that *Roberts* was wrongly decided). The Fifth Circuit has also observed that "it is questionable whether Texas law allows at-will employment to form the basis of a promissory estoppel claim" and that *Roberts* "has not been universally accepted in Texas appellate courts." *Zenor v. El Paso Healthcare Sys., Ltd.,* 176 F.3d 847, 864 (5th Cir.1999).

Vlasek has failed to plead facts that could plausibly be a basis for finding detrimental reliance, which is required for promissory estoppel. Vlasek was not induced to leave a job to come to Wal-Mart based on a promise of continued employment. Vlasek offers no evidence of a specific job opportunity that she chose not to take because of Wal-Mart's promise of continued employment. Vlasek asserts that she did not look elsewhere for employment during the seven years she worked at Wal-Mart. The case law is clear that continuing to work for the at-will employer is not detrimental reliance on the indefinite availability of that job. *See Miller v. Raytheon Aircraft Co.,* 229 S.W.3d 358, 378–79 (Tex. App.–Houston [1st Dist.] 2007, no pet.). Given these considerations, the court finds that Vlasek's promissory estoppel claim fails as a matter of law because a promise to provide at-will employment does not provide any assurances about the employer's future conduct and is not a reasonable basis for reliance.

The motion for reconsideration is denied.

## II.     The Motion for Leave to Amend

### A.     The Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and "'evinces a bias in favor of granting leave to amend,'" *Martin's Herend Imports v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. Nov. 1981)). Leave to amend "is not automatic." *Matagorda Ventures Inc. v. Travelers Lloyds Inc. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex.

2000) (citing *Dussouy*, 660 F.2d at 598). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as whether there has been undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, and futility of amendment. *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).

Denial of leave to amend on the basis of futility is "premised . . . on the court's evaluation of the amendment as insufficient to state a claim . . . ." *Jamieson ex rel. Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). A denial on this basis "tends to blur the distinction between analysis of the procedural context under Rule 15(a) and analysis of the sufficiency of the complaint under Rule 12(b)(6)." *Id.* at 1208–9. Opinions often equate the futility analysis under Rule 15(a) with the legal sufficiency standard of Rule 12(b)(6). *See, e.g., In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) ("In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."); *General Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1085 (7th Cir. 1997) ("This standard is the same standard of legal sufficiency that applies under Rule 12(b)(6)."); *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996) ("In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion.").

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court recently clarified the standards that apply in a motion to dismiss for failure to state a claim. In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007), the Court confirmed that Rule 12(b)(6) must be

read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *Sonnier v. State Farm Mut. Auto. Ins. Co.*, No. 07-30098, 2007 WL 4260892, at *1 (5th Cir. Dec. 6, 2007) (quoting *Twombly*, 127 S. Ct. at 1974); *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). However, "a plaintiff is obligated to provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bradley v. Phillips Petroleum Co.*, No. H-05-3912, 2007 WL 4443876, at *2 (S.D. Tex. Dec. 18, 2007) (quoting *Twombly*, 127 S. Ct. at 1964–65). "'Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Id.* (quoting *Twombly*, 127 S. Ct. at 1965 n.3). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1964–65); *Sonnier*, 2007 WL 4260892, at *1 (quoting *Twombly*, 127 S.Ct. at 1965). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the

9

court.'" *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 127 S. Ct. at 1966) (quotations omitted). Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.

When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before the action is dismissed with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted); *see also Great Plains Trust Co.*, 313 F.3d at 329.

**B.     Analysis**

Vlasek seeks leave to amend to add claims that this court has previously considered and rejected: gender discrimination and promissory estoppel. The basis for concluding that it would be futile for Vlasek to assert a promissory estoppel claim, given her employment at will status, is set out above. In the proposed amended complaint, Vlasek alleges that Wal-

10

Mart fired her because she was a registered sex offender but did not fire male employees who were registered sex offenders. This allegation was in Vlasek's earlier proposed complaint. This court denied her leave to amend to assert it because it was not included in, and was beyond the investigation reasonably likely to result from, her EEOC charge. (Docket Entry No. 15). The motion for leave to amend to assert this claim of sex discrimination is denied.

Vlasek also seeks leave to amend to assert a claim for breach of good faith and fair dealing in employment, based on Wal-Mart's decision to fire her based on her prior sex offense without evaluating her work performance or the absence of a connection between her performance and her prior sex offense. Vlasek also asserts that Wal-Mart's decision in 2004 to adopt a "no-tolerance" policy was a material change in her employment terms and conditions, which was not communicated before Vlasek was fired and which violates the duty of good faith and fair dealing in employment.

Texas does not recognize a cause of action for breach of a duty of good faith and fair dealing in employment. *See City of Midland v. O'Bryant,* 18 S.W.3d 209, 216 (Tex. 2000). The general rule in Texas is that a duty of good faith and fair dealing cannot arise from an at-will employment relationship. *Midland*, 18 S.W.3d at 216; *Hirth v. Metro. Life Ins. Co.,* 189 Fed. Appx. 292, 293 (5th Cir. 2006); *Laredo Med. Group v. Lightner*, 153 S.W.3d 70, 72 (Tex. App.–San Antonio 2004). Vlasek's motion for leave to amend to assert this cause of action is denied as futile.

Vlasek also moves for leave to amend to assert what appears to be constitutional claims, a "facial" challenge to the Wal-Mart policy and an "as applied" challenge to the

11

procedures used in firing her. Vlasek has alleged no facts that could plausibly give rise to a constitutional challenge to Wal-Mart's decision not to employ registered sex offenders or to the application of that policy to Vlasek. The motion for leave to amend to assert these claims is denied.

### III.    The Motion for Sanctions

Wal-Mart asks that Vlasek be required to pay the attorneys' fees it has incurred in responding to her motion for leave to file an amended complaint. Wal-Mart points to the fact that Vlasek sought to assert causes of action that this court had previously addressed and found futile. Federal Rule of Civil Procedure 11 authorizes a court to impose sanctions on a party who, inter alia, files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the expense of litigation. Fed. R. Civ. P. 11(b), (c). Sanctions under Rule 11 may be appropriate if the court finds: (1) a document has been presented for an improper purpose; (2) the claims or defenses of the signer are not supported by existing law or by a good-faith argument for an extension or change in existing law; or (3) the allegations and other factual statements lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation. Such sanctions cannot be imposed, however, unless the movant gives notice of its intent to seek them and allows an opportunity for the offending pleading to be withdrawn.

A litigant can also be sanctioned under 28 U.S.C. § 1927 for multiplying proceedings that are both unreasonable and vexatious. *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1296–97 (5th Cir. 1994). The Fifth Circuit has held this standard requires "that there be evidence of bad

faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). The liability created under § 1927 is only for excessive costs due to persistent prosecution of a meritless claim. *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991). The Fifth Circuit advises courts to impose sanctions under § 1927 "sparingly" and further cautions that, except when the entire proceeding has been unwarranted, unreasonable, and vexatious, and should therefore not have been initiated nor pursued, it will be inappropriate under § 1927 to shift the entire financial burden of an action's defense. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) (quoting *Calhoun,* 34 F.3d at 1297).

Section 1927 begins by stating "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof . . . ." 28 U.S.C. § 1927. Based on the statute's language, the Fifth Circuit has repeatedly held that a "court can shift fees only to counsel, not to parties." *See Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002) (citing *Maguire Oil Co. v. City of Houston,* 143 F.3d 205, 208 (5th Cir. 1998); *Matta v. May*, 118 F.3d 410, 413-14 (5th Cir. 1997) ("Unlike Rule 11, § 1927 sanctions are, by the section's plain terms, imposed only on offending attorneys; clients may not be ordered to pay such awards.").

Federal courts also have the inherent authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991). Toward that end, federal courts are empowered to sanction bad faith conduct occurring during the litigation. *Elliott v. Tilton,* 64 F.3d 215, 216 (5th Cir. 1995).

Along with the inherent authority to mete out sanctions comes the requirement that these implied powers be exercised with restraint and discretion.  *Chambers,* 501 U.S. at 44 (citing *Roadway Express v. Piper*, 447 U.S. 752, 764 (1980)).  Inherent powers "may be exercised only if essential to preserve the authority of the court and the sanction chosen must employ the least possible power adequate to the end proposed." *Natural Gas Pipeline of Am. v. Energy Gathering Inc.*, 86 F.3d 464, 467 (5th Cir. 1996) (citations omitted).  The sanction must "be tailored to fit the particular wrong." *Topalian v. Ehrman*, 3 F.3d 931, 936 (5th Cir. 1993).

The present record is not sufficient to allow the careful application of these principles that is required.  The motion for sanctions is denied, without prejudice to reassertion if and as appropriate.

**IV.     Conclusion**

The motion for reconsideration and the motion for leave to amend are denied.  The motion for sanctions is denied.

SIGNED on January 16, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge