IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REBECCA VLASEK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0386 |
| | § | |
| WAL-MART STORES, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Rebecca Vlasek sued her former employer, Wal-Mart Stores, Inc. and Sam's East, Inc. (together, "Wal-Mart"), after she was fired in 2006 because she was a registered sex offender. On July 22, 2008, this court issued a memorandum and opinion granting Wal-Mart's motion for summary judgment, denying Vlasek's cross-motion for summary judgment, and entering final judgment. (Docket Entry Nos. 60, 61). Vlasek has filed a motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure. (Docket Entry No. 63). Vlasek argues that Wal-Mart waived its right to fire her based on her status as a registered sex offender despite the fact that she was an at-will employee. Vlasek also requests guidance on the status of her sex discrimination claim in light of the fact that she recently filed a charge with the EEOC alleging that Wal-Mart discriminated on the basis of sex when it implemented a policy of firing employees who were registered sex offenders. (*Id.*). Wal-Mart has responded to the Rule 59(e) motion. (Docket Entry No. 64).

**I.     The Legal Standard**

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re TransTexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Relief is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). Because granting a Rule 59(e) motion is such an extraordinary remedy, the Fifth Circuit has stated that the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**II.    Analysis**

Vlasek asserts that in rejecting her argument that Wal-Mart waived any right to fire her based on her sex-offender status, this court failed to consider a statement made by a Wal-Mart divisional vice-president, Brad Link, to Vlasek's regional manager, Matt Fischer.

(Docket Entry No. 63 at 3). In an affidavit submitted with her response to Wal-Mart's motion for summary judgment, Vlasek stated:

> At some point in April of 2003, an anonymous letter was sent to Matt Fischer, the Wal-Mart Stores regional sales manager. Fischer relayed the letter on to Bennett Murff my manager at Sam's Store # 4763. The letter contained information relating to events which had occurred at the school where I was previously employed. Fischer called me into a meeting to discuss the allegations contained in the anonymous letter. I disclosed to him the facts behind the criminal charges which led to my departure from the school district and teaching. Fischer told me that as long as I did my job, the prior troubles would have no impact on my employment with Sam's Club Stores. I subsequently learned that prior to his meeting with me, Fischer had placed a call to Wal-Mart Division 'B' Vice-President Brad Link in order to inquire as to how he, Fischer, should handle the disclosures about my criminal record. On information and belief, Link asked Fischer "*is she worth keeping?*"; to which question Fischer replied, "*Yes, she is a good manager.*" At that point Link explained that there was no policy which mandated any adverse employment action. Fischer said to me that as long as I performed well, the criminal events of my past would not affect my status with the company. He directed me to return to work. I believed the representations of Matt Fischer speaking on behalf of the company and I relied upon these representations and actions of the company in returning me to work.

(Docket Entry No. 55, Ex. A at 2).

Vlasek asserts that "[i]t would seem beyond dispute that a regional vice-president would have the actual authority to orally modify plaintiff's at-will employment status. The question then becomes whether the statements and actions of the Wal-Mart vice-president were sufficient to establish the '*clear and express agreement*' necessary to alter the at-will employment relationship between Vlasek and Wal-Mart '*in a meaningful and special way*.'"

Vlasek asserts that "[o]rdinarily, determinations about the meaning, import and effect of spoken words would be the task of the factfinder – and not resolved as a matter of law on summary judgment. It is plaintiff's contention that a reasonable factfinder could conclude that Link's statements, in context, met this threshold and represented an oral modification of Wal-Mart's right to fire Vlasek for being listed as a sex offender. But at a minimum, the weight of such testimonial evidence should have been factored into the court's analysis on this critical issue. It was not; and its omission was error." (Docket Entry No. 63 at 3).

In Texas, absent a specific contract to the contrary, employment may be terminated at will and without cause. *See Montgomery County Hosp. Dist. v. Brown,* 965 S.W.2d 501, 502 (Tex. 1998); *Schroeder v. Tex. Iron Works, Inc.,* 813 S.W.2d 483, 489 (Tex. 1991). To avoid the employment-at-will doctrine, an employee has the burden of proving that she and her employer had a contract that "directly limit[ed] in a 'meaningful and special way' the employer's right to terminate the employee without cause." *Massey v. Houston Baptist Univ.,* 902 S.W.2d 81, 83 (Tex. App.–Houston [1st Dist.] 1995, writ denied) (quoting *Lee-Wright, Inc. v. Hall,* 840 S.W.2d 572, 577 (Tex. App.–Houston [1st Dist.] 1992, no writ)). In the contract, the employer "must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances." *Brown,* 965 S.W.2d at 502. Such an intent is not manifested by general comments or statements that an employee will not be terminated as long as her work is satisfactory. Nor do comments to the effect that an employee will be discharged only for "good reason" or "good cause" manifest an intent to alter the at-will relationship unless there is an agreement between the employer and

4

employee on what those terms encompass. *Brown,* 965 S.W.2d at 502. To be enforceable, an agreement to modify the employment-at-will relationship must be (1) expressed rather than implied and (2) clear and specific. *See Brown,* 965 S.W.2d at 502; *Kooken v. Leather Center, Inc.*, No. 05-97-01202-CV, 2000 WL 381926, at *5 (Tex. App.–Dallas Apr. 3, 2000); *Miksch v. Exxon Corp.*, 979 S.W.2d 700, 703 (Tex. App.–Houston [14th Dist.] 1998, pet. denied); *Byars v. City of Austin,* 910 S.W.2d 520, 523 (Tex. App.–Austin 1995, writ denied).

This court's July 22, 2008 memorandum and opinion held that the statements Vlasek attributes to her store manager and regional manager – "that everything would be okay," "as far as I'm concerned, you don't talk about this any further, I don't talk about this any further, and we've all got skeletons in our closet" and "I consider it to be a dead issue" – did not create an express agreement not to fire her for being a registered sex offender. (Docket Entry No. 60 at 16–20). This court also held that assuming Vlasek's store manager and regional manager had made the statements as described, such statements did not waive Wal-Mart's right to fire Vlasek for being a registered sex offender. When Vlasek applied for a job with Wal-Mart, she signed a document stating that she understood that her at-will employment status could be "changed only by a written agreement signed by the President of Wal-Mart Stores, Inc." (*Id.* at 17–18). The evidence that Vlasek points to in her Rule 59(e) motion does not alter the result. Vlasek signed a document expressly stating that she understood that her at-will employment status could be "changed only by a written agreement signed by the President of Wal-Mart Stores, Inc." (Docket Entry No. 30, Exs. K, A at 85). As a divisional vice-president, Brad Link did not have authority to modify Vlasek's at-will employment

5

status. Additionally, any modification of Vlasek's employment status was required to be in writing. Finally, regardless of whether the individuals who made the statements to Vlasek had the authority to modify her at-will employment status, the statements she attributes to Fischer, Murff, and Link did not clearly and specifically express an intent to modify Vlasek's employment status. Link's statements were made only to Fischer, not Holden. And the statements include a recognition that at the time, there was no Wal-Mart policy mandating any adverse employment action based on a prior criminal conviction that required sex-offender registration.

Vlasek's motion to amend or alter this court' s judgment under Rule 59(e) is denied. This action has been dismissed with prejudice. If Vlasek wants to pursue her sex discrimination claim following the completion of the administrative review of her recently filed EEOC charge, she may only do so in a new suit. *See Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (citations omitted) (stating that "[a]llowing claimants generally to bring suit . . . before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system," and that "as a general rule, a premature 'complaint cannot be cured through amendment, but instead, plaintiff must file a new suit'"); *Sparrow v. U.S. Postal Service*, 825 F. Supp. 252, 255 (E.D. Cal. 1993) ("If the

claimant is permitted to bring suit prematurely and simply amend his complaint after denial of the administrative claim, the exhaustion requirement would be rendered meaningless.").

SIGNED on August 26, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge